State v. Krause.

## THE STATE v. KRAUSE, Appellant.

### Division Two, January 23, 1900.

**Murder:** SUFFICIENCY OF EVIDENCE. Defendant, deceased, and two others had been playing cards. Deceased's partner accused defendant of cheating. A dispute ensued, and defendant and deceased left the room together. Later, deceased was discovered dead. Defendant did not deny committing the act, but pleaded self-defense, saying that, as he came down the steps of the house, deceased assaulted him, threw him down, and threatened to kill him; that while in that position he put his hand in his pocket, drew out his knife, opened it, and struck at deceased. *Held,* sufficient to support a conviction of murder in the second degree.

Appeal from St. Louis City Circuit Court.—*Hon. John A. Talty,* Judge.

AFFIRMED.

*Edward C. Crow,* Attorney-General, and *Sam B. Jeffries,* Assistant Attorney-General, for the State.

The court has frequently, in fact, universally held that where there is evidence showing guilt, the verdict will not be overturned on that ground. It is only where there is a total failure of evidence that such an objection will be considered. As to the strength of the evidence, the rule is to leave it entirely to the judgment and wisdom of the jury, and under no circumstances will their province be invaded. The record here discloses ample evidence to convict, and it is not necessary to comment on its strength or weakness, reasonableness or unreasonableness.

SHERWOOD, J.—Ten years imprisonment in the penitentiary being awarded defendant on conviction of murder in the second degree, he has appealed to this court.

Defendant is not represented in this court, and the only thing to show the views of his counsel is contained in the motion for a new trial.

The case, in substance, is as stated by the Attorney-General, as follows:

"On the night of the 21st day of May, 1898, defendant, who lived with his parents on O'Fallon street, near Tenth, in St. Louis, was invited to participate in a game of cards at the home of Mrs. Fred Urban. There were present, Mr. and Mrs. Urban, Fred Spitzfaden, Otto Mabus, the deceased, Frank Schwandt, and defendant. For a short while during the evening, defendant's father was also present. The game commenced about nine o'clock and continued until after midnight. Urban and deceased were partners against defendant and Spitzfaden. They were playing for a fifteen cent wager. Urban accused the defendant of looking at the bottom card in the deck each time it came his turn to deal. This defendant denied (though he admitted it to be true while on the witness stand.) Hot words ensued in which they became very abusive. They both arose from the table and attempted to strike each other, when they were separated. Deceased and defendant left the room and in about three minutes defendant returned to the door and called for his hat and coat which were handed him by Mrs. Urban. The room in which the party had been having their game was on the third floor of the building. About five minutes after defendant had left some one in the party inquired about deceased. Urban went out and down the steps to ascertain his whereabouts. On reaching the porch of the first floor he found Schwandt lying dead on the floor with a wound in his head caused by a stab from defendant's knife. Just prior to this defendant was seen to run across the street and into the rear of his father's house. He did not remain there, but went immediately to North St. Louis where he remained until late the next evening, when he returned and surrendered voluntarily to the officers. He does not deny

committing the act, but asserts that he inflicted the fatal wound in necessary self-defense; that as he came down the steps at the Urban home, deceased assaulted him, threw him down and threatened to kill him; that while in this position he put his hand in his pocket, drew out the knife, opened it and struck at the deceased. He did not know that the stroke had proved fatal until the following day when he saw an account of the tragedy in the daily papers of St. Louis."

The evidence was ample to support a conviction, and the instructions such as are usually given.

Discovering no error in the record, judgment affirmed. All concur.